# In the United States Bankruptcy Court
# for the
# Southern District of Georgia
## Savannah Division

| | |
|---|---|
| In the matter of: ) | |
| ) | Adversary Proceeding |
| HAROLD WEAVER ) | |
| MARGARET WEAVER ) | Number 04-4118 |
| (Chapter 7 Case Number 04-40409) ) | |
| ) | |
| *Debtors* ) | |
| ) | |
| WILEY A. WASDEN, TRUSTEE ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | |
| ) | |
| NATIONWIDE MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| GE CAPITAL ASSIGNMENT ) | |
| CORPORATION, ) | |
| GE CAPITAL LIFE ASSURANCE ) | |
| COMPANY OF NEW YORK, and ) | |
| MARGARET WEAVER ) | |
| ) | |
| *Defendants* ) | |

FILED at 9 o'clock & 39 min A M
Date July 25, 2006
United States Bankruptcy Court
Savannah, Georgia CR

## MEMORANDUM AND ORDER

This matter arises out of the adversary proceeding initiated by the Chapter 7 Trustee seeking the turnover of an annuity payment of $25,000.00 owed to the Debtor. The Debtor intervened in the adversary proceeding. Pursuant to this Court's order requiring turnover of the $25,000.00, Genworth Life Assurance Company of New York submitted the

AO 72A
(Rev. 8/82)

full payment to the Chapter 7 Trustee. A hearing was held on June 14, 2006, to determine the merits of the Debtor's argument that she is entitled to receive the full $25,000.00 due to various exemptions under Georgia law.

### FINDINGS OF FACT

The primary sources of evidence in this matter includes the Debtor's testimony at the June 14, 2006, hearing and the Settlement Agreement between the Debtor and Nationwide Mutual Insurance Company ("Nationwide").[1] The evidence reveals that the Debtor was involved in an automobile collision in New York in 1996. The Debtor testified that as a result of the 1996 collision, she suffered a variety of injuries, including a concussion, herniated disks in her neck and lower back, and an injured left shoulder. In addition, since the 1996 collision, the Debtor has sought physical therapy, required surgery on her shoulder, and continuously experiences memory loss and pain in her back. Her injuries prevented her from returning to her job as a clerical assistant in the radiology department of a New York hospital. They also prevented the Debtor from completing her studies to become an x-ray technician. Therefore, payments from Social Security and her pension have been the primary form of income for the Debtor since the 1996 collision.

As a result of the 1996 collision, the Debtor entered into the Settlement

---

[1] Nationwide assigned its liabilities under the Settlement Agreement to GE Capital Assignment Corporation, with GE Capital Life Assurance Company of New York responsible for making payments to the Debtor. Genworth Life Assurance Company of New York subsequently became successor-in-interest to these three parties.

Agreement with Nationwide on September 17, 1999. Under that agreement, the Debtor received a payment of $18,700.00 on March 8, 2002. A second and final payment of $25,000.00 was to be paid to the Debtor on March 8, 2005. The filing of the Debtor's Chapter 7 bankruptcy case on February 3, 2004, delayed submission of this second payment. As mentioned above, the Chapter 7 Trustee was successful in his motion for turnover, and he presently has control over the $25,000.00.

The Debtor contends that she is entitled to receive the entire $25,000.00 payment and cites Georgia exemptions under O.C.G.A. §§ 44-13-100(a)(6), (a)(11)(D), and (a)(11)(E). The Debtor argues that the $25,000.00 payment qualifies for these exemptions, directing the Court's attention to her numerous injuries that resulted from the 1996 collision, her inability to continue at her job, her inability to continue to go to school to improve her working skills, and the additional medical expenses and injuries that she has had to bear since the collision. The Chapter 7 Trustee claims that the Debtor has stated in previous pleadings that a portion of the $25,000.00 is to cover various expenses that may not be exempted under Georgia law. As a result, the Debtor is not entitled to the full $25,000.00 payment.

## CONCLUSIONS OF LAW

A party that objects to a debtor's claim of exemption has the burden of proving that the exemption is not proper. "In any hearing under [Rule 4003], the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. Proc. 4003(c). In the present case, as the objecting party, the Chapter 7 Trustee

AO 72A
(Rev. 8/82)

3

carries the burden of proof. This burden means that the Chapter 7 Trustee carries the burden of production and the burden of persuasion. *See* In re Williams, 1995 WL 17005052, *2 (Bankr. S.D. Ga. 1995). He must produce sufficient evidence to rebut the Debtor's claims of exemptions, which are presumptively valid. *See* In re Peterson, 280 B.R. 886, 889 (Bankr. S.D. Ala. 2001)("A claimed exemption is presumptively valid.").

The Debtor makes her claim to the $25,000.00 by asserting exemptions under O.C.G.A. §§ 44-13-100(a)(6), (a)(11)(D), and (a)(11)(E). The Chapter 7 Trustee does not dispute that the Debtor is entitled to claim $4,721.13 as exempt under O.C.G.A. § 44-13-100(a)(6). The Chapter 7 Trustee's disputes, however, extend to the Debtor's claimed exemptions under the other two provisions. Under O.C.G.A. § 44-13-100(a)(11)(D), a debtor may exempt a "payment, not to exceed $10,000.00, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent." O.C.G.A. § 44-13-100(a)(11)(D). Under O.C.G.A. § 44-13-100(a)(11)(E), a debtor may exempt a "payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." O.C.G.A. § 44-13-100(a)(11)(E). These provisions contain the same language as that used to describe the exemptions provided by the Bankruptcy Code under 11 U.S.C. §§ 522(d)(11)(D) and (d)(11)(E).[2]

---

[2] Hereinafter, all Section references are to Title 11 of the United States Code.

The Settlement Agreement between the Debtor and Nationwide states that in consideration of the payments received by the Debtor, she completely released all claims, demands, actions, damages, costs, expenses, and causes of action that would arise from the 1996 collision. *See* Dckt. No. 33, Simple Release and Settlement Agreement, Ex. A, ¶ II.A (March 31, 2006). Furthermore, the Debtor's receipt of payments under the Settlement Agreement were intended to release Nationwide from any liability for injuries that arose from the 1996 collision. *See* Id. at ¶ II.E. At the June 14, 2006 hearing, the Chapter 7 Trustee described this agreement between the Debtor and Nationwide as a "blanket settlement."

It is undisputed that the Debtor has suffered serious injuries due to the 1996 collision, including injuries to her neck, back, and shoulder. She testified that she still requires physical therapy, experiences back pain, and suffers from memory loss. The language of O.C.G.A. § 44-13-100(a)(11)(D) indicates that the Debtor is entitled to exempt payments compensating her for the actual bodily injuries that she has suffered. *See* In re Howard, 169 B.R. 77, 80 (Bankr. S.D. Ga. 1994); 4 Collier on Bankruptcy, ¶ 522.09[11] (Matthew Bender 15th ed. rev.); In re Ciotta, 222 B.R. 626, 631 (Bankr. C.D. Cal. 1998)("In order to qualify for [Section 522(d)(11)(D)], a Debtor must demonstrate that a cognizable physical injury has been suffered."). In light of these circumstances, I conclude that a portion of the $25,000.00 payment is intended to compensate the Debtor for the actual bodily injuries that she suffered in the 1996 collision.

Furthermore, due to injuries suffered in the 1996 collision, it is undisputed

that the Debtor could neither continue in her job as a clerical assistant nor continue her studies to become an x-ray technician. She testified that she has not had full-time employment since the collision and that her primary income has been in the form of payments from Social Security and her pension. Under the language of O.C.G.A. § 44-13-100(a)(11)(E), the Debtor may exempt payments that are meant to compensate her for a loss of future earnings and are reasonably necessary to support her. *See* O.C.G.A. § 44-13-100(a)(11)(E). In light of the Debtor's circumstances, I conclude that a portion of the $25,000.00 payment is reasonably necessary to support the Debtor and was intended to compensate the Debtor for her loss of future earnings due to the 1996 collision.

The Settlement Agreement between the Debtor and Nationwide does not identify how the $25,000.00 was to be apportioned. That agreement does not discuss which portion of the payment is intended to compensate the Debtor for her bodily injuries, medical expenses, loss of income, pain and suffering, and so forth. The Debtor did not know whether a particular portion of the $25,000.00 was to compensate her for pain and suffering, which may not be exempted by O.C.G.A. § 44-13-100(a)(11)(D).

As mentioned above, the burden of proof in this matter lies with the Chapter 7 Trustee. Although he has raised the argument that a portion of the $25,000.00 payment may include an amount that may not be exempted under Georgia law, the Chapter 7 Trustee has been unable to prove the exact amount that may not be exempted. No provision in the Security Agreement indicated whether a particular percentage of the $25,000.00 payment was

intended to cover non-exempt expenses. Furthermore, there was no additional evidence other than testimony from the Debtor. *See* In re Mann, 201 B.R. 910, 915 (Bankr. E.D. Mich. 1996)("The trustee, as the objecting party, has the burden of producing the evidence which rebuts the prima facie presumption that the exemption is correct."). In light of the evidence provided in the parties' pleadings and the June 14, 2006, hearing, I conclude that the Chapter 7 Trustee has not carried his burden under Rule 4003(c).

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the Debtor's request that the Chapter 7 Trustee turn over the full $25,000.00 payment to her is GRANTED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 19th day of July, 2006.